**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dale Neidhardt, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| vs. | ) ) | Case No. 1:09-cv-078 |
| TCI Midcontinent LLC, doing business as Midcontinent Communications; and Midcontinent Communications Investors, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

Before the Court is the Plaintiff's "Motion for Class Certification" filed on August 27, 2010. See Docket No. 12. The Defendants filed a response in opposition to the motion on September 17, 2010. See Docket No. 19. The Plaintiff filed a reply brief on October 21, 2010. See Docket No. 26. On January 25, 2011, the Defendants filed a "Motion for Oral Argument." See Docket No. 38. For the reasons set forth below, the Court denies the motion for class certification.

## I.   BACKGROUND

In 1996, the defendants TCI Midcontinent LLC and Midcontinent Communications Investors, LLC (collectively "Midcontinent") began installing fiber optic cable facilities in North Dakota. To date, Midcontinent has installed more than 1,000 miles of fiber optic cable in North Dakota. Erin Hayes, Director of Corporate Construction for Midcontinent, stated in an affidavit:

> An overwhelming majority of the fiber optic cable installed in areas outside of cities and municipalities has been installed within highway rights-of-way. For the small

1

>amount of fiber optic cable not installed within rights-of-way in rural North Dakota, it was installed on private property with permission from the private landowner.

See Docket No. 29-1.  Hayes stated that Midcontinent obtained permission from the proper governmental authorities before installing fiber optic cable facilities.  She also asserted that many landowners adjacent to rights-of-way were informed of Midcontinent's plans to install fiber optic able facilities, either through public notices, public meetings, or individual meetings with right-of-way specialists.  Paul Erickson, Senior Construction Coordinator for Midcontinent, testified in a deposition that if it was necessary to bury fiber optic cable on private property outside a right-of-way, Midcontinent would identify and contact the landowners to obtain easements.  See Docket No. 13-8, p. 34.

Plaintiff Dale Neidhardt contends that he owns a parcel of land in Morton County, North Dakota,  described as "[t]he SE ¼ and SW ¼ of Section 13, Township 139 North, Range 85 West." See Docket No. 21.  On May 10, 2004, Midcontinent obtained permission from the Morton County Commission to install fiber optic cable in the right-of-way along County Road 139.  See Docket No. 13-1.  Neidhardt asserts that Midcontinent entered onto his land and installed fiber optic cable without his permission.

On November 24, 2009, Neidhardt filed a class action complaint against Midcontinent.  See Docket No. 1.  On August 27, 2010, Neidhardt filed a motion to certify the following class:

>Landowners who own land in North Dakota subject to highway right of ways [sic] in which Midcontinent has installed its fiber optics or telecommunications cable without obtaining permission from the landowner.  The class does not include cable that is installed in railroad right of way nor within any municipality in North Dakota.

See Docket No. 12.  In the first amended complaint, filed on October 1, 2010, Neidhardt seeks to quiet title to the class members' land; damages in excess of $5,000,000 for use and occupation of

the property; damages for Midcontinent's unjust enrichment; and a declaratory judgment that Midcontinent has no right to occupy the property.  See Docket No. 21.  Midcontinent opposes certification of the class and contends that the proposed class would be unmanageable because determining the identity of class members would require extensive factual inquiries.

## II. STANDARD OF REVIEW

Rule 23 of the Federal Rules of Civil Procedure governs a district court's consideration of a motion for class certification.  The decision whether to certify a class action is left to the district court's "broad discretion."  Rattray v. Woodbury Cnty, Iowa, 614 F.3d 831, 835 (8th Cir. 2010) (citing In re Milk Prods. Antitrust Litig., 195 F.3d 430, 436 (8th Cir. 1999); Bishop v. Comm. on Prof'l Ethics & Conduct, 686 F.2d 1278, 1288 (8th Cir. 1982)).  In determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974).  "[T]he court must conduct a 'rigorous analysis' to ensure that the prerequisites of Rule 23 are satisfied."  Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006) (quoting Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 161 (1982)).  "The district court may grant a motion to certify a class action only if the putative class representative satisfies all four of the requirements set forth in Federal Rule of Civil Procedure 23(a), and the class action satisfies one of the three subsections of Federal Rule of Civil Procedure 23(b)."  Rattray, 614 F.3d at 834-35 (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997)).  The plaintiff bears the burden of satisfying the requirement of Rule 23.  Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994).

### III.   LEGAL DISCUSSION

#### A.   RULE 23(A) REQUIREMENTS

Rule 23(a) of the Federal Rules of Civil Procedure sets forth the prerequisites to a class action. It provides:

(a)   Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

   (1)   the class is so numerous that joinder of all members is impracticable;

   (2)   there are questions of law or fact common to the class;

   (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

   (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "In common shorthand, the requirements for class actions under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." Rattray, 614 F.3d at 835 (citing Amchem, 521 U.S. at 613).

##### 1)   NUMEROSITY

To meet the numerosity requirement under Rule 23(a)(1), Neidhardt must show the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). According to Midcontinent's Director of Corporate Construction, Erin Hayes, Midcontinent has installed over 1000 miles of fiber optic cable in North Dakota. See Docket No. 29-1. Neidhardt seeks to certify a class of rural landowners in North Dakota on whose land Midcontinent has installed fiber optic cable. Neidhardt contends that the exact size of the class has yet to be determined, but the class members could number in the hundreds. In its response in opposition to Neidhardt's motion,

Midcontinent does not express a position on whether Neidhardt can meet the numerosity requirement. The Court finds that the proposed class meets the numerosity requirement of Rule 23(a)(1).

### 2) **COMMONALITY**

Commonality is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995). However, "[t]he rule does not require that every question of law or fact be common to every member of the class." Paxton v. Union National Bank, 699 F.2d 552, 561 (8th Cir. 1982).

Neidhardt contends that the proposed class members share the following common legal question, "Does Midcontinent have the legal right to bury and maintain cable on private property subject to a highway right of way without obtaining permission from the landowner?" See Docket No. 13. In its response in opposition to Neidhardt's motion, Midcontinent does not express a position on whether Neidhardt can meet the commonality requirement, although Midcontinent does contend that individual issues of fact and law predominate over any questions common to the class.

The Court notes that the proposed class includes only those landowners from whom Midcontinent did not obtain permission before installing fiber optic cable on their land. Identifying the members of such a class would seem to require an individualized determination of which landowners gave permission to Midcontinent to install the fiber optic cable and which did not. That aspect of the proposed class will be considered in more detail below in the Court's discussion of the Rule 23(a)(3) typicality requirement. However, the class as proposed shares the legal question of whether Midcontinent is entitled to install fiber optic cable in a highway right-of-way without

5

seeking the landowners' permission. That legal question is substantially related to the resolution of the litigation. The Court finds that the proposed class meets the commonality requirement of Rule 23(a)(2).

### 3)     **TYPICALITY**

"Typicality under Rule 23(a)(3) means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting Donaldson v. Pillsbury Co., 554 F.2d 825, 830 (8th Cir. 1977) cert. denied, 434 U.S. 856 (1977). This burden is met so long as "other class members have claims similar to the named plaintiff." Id. (quoting DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174 (8th Cir. 1995)). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." Id. (citing Donaldson, 554 F.2d at 831). However, a demonstration of typicality "requires something more than general conclusory allegations." Chaffin v. Rheem Mfg. Co., 904 F.2d 1269, 1275 (8th Cir. 1990).

Neidhardt asserts that the proposed class meets the typicality requirement because "all owners of the property used by Midcontinent for its cable corridor have identical claims." See Docket No. 13. Neidhardt contends that all of the proposed class members' claims turn on whether Midcontinent had the right to install fiber optic cable in highway rights of way without obtaining the landowner's permission.

Midcontinent contends that Neidhardt's claims are not typical of those of other class members. Midcontinent concedes that Neidhardt owns the Southwest Quarter of Section 13, but

asserts that he does not own the entirety of the Southeast Quarter of Section 13. On March 16, 1942, Wima Moos, William J. Moos, Henry Beusen, Margaret Beusen, Emil Beusen, and Pauline Beusen conveyed via a warranty deed the following parcel of land to the North Dakota State Highway Department described as "[a] strip of land 100 ft. wide lying north of, adjoining and extending along the entire south line of said SE¼ Sec 13, excepting all that portion lying within 33 feet of the section line." See Docket No. 29-16, p. 34. The same parcel of land was conveyed to Morton County via a quit claim deed on March 25, 1965. See Docket No. 29-16, p. 55. Midcontinent contends that a similar inquiry into the ownership of each parcel of land in which Midcontinent installed fiber optic cable would be necessary for each potential class member, and thus Neidhardt's claim is not typical of those of all class members.

Neidhardt argues that he owns the entirety of the Southeast Quarter of Section 13 due to N.D.C.C. § 32-15-03.2, which provides:

> No transfer to the state of North Dakota or any of its political subdivisions of property for highway purposes shall be deemed to include any interest greater than an easement, and where any greater estate shall have been so transferred, the same is hereby reconveyed to the owner from which such land was originally taken, or to the heirs, executors, administrators, or assigns of such owner. Such reconveyance shall be subject to any existing contracts or agreements covering such property, and all rights and benefits thereof shall accrue to the grantee.

Neidhardt contends that, pursuant to N.D.C.C. § 32-15-03.2, the State of North Dakota has only an easement on his land and that he owns the land in fee simple.

In Nudell v. Burlington N. and Santa Fe Ry. Co., No. A3-01-41 (D.N.D. 2002), Judge Rodney Webb, then Chief Judge of the District of North Dakota, considered a similar class certification motion. In Nudell, the plaintiffs proposed the following class:

> All persons and entities that possess or possessed a fee simple interest in land underlying or adjoining a federal land grant railroad right of way in the states of the

>   Eighth Circuit (Arkansas, Iowa, Minnesota, Nebraska, North Dakota and South Dakota) and the Tenth Circuit (Colorado, Kansas, New Mexico, Oklahoma, Utah and Wyoming) on which Sprint entered to install or maintain fiber optic or other telecommunications cable.

Nudell, No. A3-01-41, 2002 WL 1543725, at *1 (D.N.D. July 11, 2002). The plaintiffs also sought to certify the following subclass:

>   All persons and entities that possess or possessed a fee simple interest in land underlying or adjoining [a] BN federal land grant right of way in the states of the Eighth Circuit (Arkansas, Iowa, Minnesota, Nebraska, North Dakota and South Dakota) and the Tenth Circuit (Colorado, Kansas, New Mexico, Oklahoma, Utah and Wyoming) on which Sprint entered to install or maintain fiber optic or other telecommunications cable.

Id. (alteration in original).

>   The Court expressed concerns about the proposed class definitions:
>
>   Most fundamentally, it is difficult to understand how the Court could determine whether a potential class member is in fact a class member without an individualized inquiry. To the contrary, the current class definition would require several factual determinations as to each potential class member.
>
>   As a threshold matter, each claimant would have to establish that he or she owned land described in the definition. This would necessitate examination of the title to ensure that the ownership does not somehow prevent this claim, for example because the title documents conveyed less than a fee simple interest. This would lead in turn to a review of the railways interest, if any, in each class members parcel. Though not included in the definition, class members who consented or acquiesced to installation would be necessarily excluded from the class; the Court would thus have to make individual determinations of this issue (the complexity here would also be compounded by varying state law standards for consent and acquiescence). Obviously, the Court would also have to determine that cable was in fact placed on the land at issue. Finally, since the class is defined to include all persons and entities that possess or possessed such rights, this inquiry would presumably not be limited to the current landholders but would have to account for prior individuals who owned the land when or after cable was laid.

Id. at *2 (errors in original). The Court's concerns were reflected in its discussion of the typicality requirement:

>The essential questions here, as stated above, concern property rights. Specifically, the case would require resolution of several property-related issues: the extent of the railroads interest in the land at issue; the extent of each property owners interest; whether the defendants activities regarding laying of fiber optic cable exceeded the scope of the railroads interest vis-a-vis that of the class members; whether any legal defenses exist to bar the claim of each class member, such as consent, acquiescence, or the statute of limitations; and, finally, assuming the claims are legitimate and proven, whether and how much damages are due. The Court concludes that these decisions turn on so many individual questions that the claims of the named plaintiffs are not typical of the class.

Id. at *5 (errors in original).

Neidhardt's proposed class presents some of the same problems as the class and subclass in Nudell. While Neidhardt's proposed class does not concern railroad interests and specifically excludes those that consented to Midcontinent's installation of fiber optic cables, individual questions as to each class member remain. Just as in Nudell, identification of class members would require extensive examination of title records throughout the state. Erin Hayes' statement in her affidavit indicates that many landowners, and presumably potential class members, were notified of Midcontinent's plans to install fiber optic cable, either through public notices, public meetings, or individual meetings with right-of-way specialists. See Docket No. 29-1. These potential class members' claims may arguably be challenged by their acquiescence to Midcontinent's activities. Regardless of whether Morton County owns a portion of the Southeast Quarter of Section 13, individual questions regarding the identity of class members and potential defenses make Neidhardt's claims atypical of those of other class members. The Court finds that the proposed class does not meet the Rule 23(a)(3) typicality requirement.

### 4)  **ADEQUACY OF REPRESENTATION**

To satisfy the requirement of Rule 23(a)(4), Neidhardt must prove he will adequately represent the class. Rattray, 614 F.3d at 835. The adequacy of representation requirement is met "when the class representative is 'part of the class and possess[es] the same interest and suffer[s] the same injury as the [absent] class members.'" In re Baycol Prods. Litig., 593 F.3d 716, 724 (8th Cir. 2010) (quoting Amchem, 521 U.S. at 625-26). "The inquiry into adequacy of representation, in particular, requires the district court's close scrutiny, because the purpose of Rule 23(a)(4) is to ensure due process for absent class members, who generally are bound by a judgment rendered in a class action." Rattray, 614 F.3d at 835 (citing Hansberry v. Lee, 311 U.S. 32, 41 (1940)). "The point of the adequacy inquiry is 'to uncover conflicts of interest between named parties and the class they seek to represent.'" Baycol, 593 F.3d at 725 (quoting Amchem, 521 U.S. at 625-26).

Neidhardt may not possess the same interests as the absent class members. As discussed above, each individual class member will have questions regarding ownership of the land, the class member's knowledge of Midcontinent's activities, and whether the class member acquiesced or consented to the installation of fiber optic cable on his or her land. While the Court does not doubt the competence of class counsel or the diligence with which they and Neidhardt would prosecute the case, the potential differences in claims and defenses for individual classes members renders Neidhardt an inadequate representative of the absent class members. The Court finds that the proposed class does not meet the Rule 23(a)(4) adequacy of representation requirement.

### III.    CONCLUSION

The Court has carefully considered the entire record, the parties' briefs, and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court, in its discretion, finds that the proposed class fails to meet the requirements of Rule 23(a). The Plaintiff's "Motion for Class Certification" (Docket No. 12) and the Defendants' "Motion for Oral Argument" (Docket No. 38) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2011.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court